# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CARLOS RIVERA,                          :
                                        :
            Petitioner,                 :
                                        :
v.                                      :        Case No. 3:10CV487(MRK)
                                        :
UNITED STATES OF AMERICA,               :
                                        :
            Respondent.                 :

## <u>RULING AND ORDER</u>

Pending before the Court is *pro se* Petitioner Carlos Rivera's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [doc. # 1], as well his Motion to File Out of Time [doc. # 2] based on equitable tolling.  On July 11, 2006, Mr. Rivera was convicted on five counts of sexual exploitation of minors and possession of child pornography, and sentenced to life imprisonment. *See United States v. Rivera*, 546 F.3d 245, 248 (2d Cir. 2008).  The Second Circuit affirmed the conviction on October 15, 2008, *see id.*, and the Supreme Court denied Mr. Rivera's petition for certiorari on February 23, 2009, *see Rivera v. United States*, 129 S. Ct. 1395 (2009).  Thus, under the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), *see* 28 U.S.C. § 2255(1), Mr. Rivera had until February 23, 2010 to file a petition for relief under § 2255.

On that precise date, Mr. Rivera filed with the Court a motion for extension of time to file his § 2255 petition.  *See* Mot. to Enlarge Time to File 28 U.S.C. § 2255 Mot. [doc. # 129], *United States v. Rivera*, No. 3:05-cr-261 (D. Conn. Feb. 23, 2010).  The Court denied his motion without prejudice, and informed Mr. Rivera that the Court could not enlarge the time for him to file his

petition. *See* Ruling and Order [doc. # 130], *United States v. Rivera*, No. 3:05-cr-261 (D. Conn. Feb. 25, 2010). As the Second Circuit held in *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001), a district court may grant a motion for extension of time to file a § 2255 petition "only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." Mr. Rivera had not filed a § 2255 petition at that time; nor could the Court construe his motion to be a § 2255 petition since it did not state any grounds for relief. The Court advised Mr. Rivera to file his petition as soon as possible, and to argue in his petition or in a separate motion that rare and exceptional circumstances justify equitably tolling his time to file his petition. *See* Ruling and Order [doc. # 130], *United States v. Rivera*, No. 3:05-cr-261 (D. Conn. Feb. 25, 2010). In response to the Court's ruling, Mr. Rivera filed the pending motions.[1]

On March 30, 2010, the Court issued an Order directing the Government to respond to the equitable tolling arguments raised by Mr. Rivera in his motion for extension of time, at which point the Court would decide whether Mr. Rivera's § 2255 motion is timely. *See* Order [doc. # 133], *United States v. Rivera*, No. 3:05-cr-261 (D. Conn. Mar. 30, 2010). The Government filed its Response [doc. # 3] on April 26, 2010, and Mr. Rivera filed his Reply [doc. # 5] on May 20, 2010.[2]

The Court is sympathetic to Mr. Rivera's desire to have the merits of his petition considered,

---

[1] The Court directed the Clerk to docket the motions as separate docket entries in a new civil case. *See* Order [doc. # 133], *United States v. Rivera*, No. 3:05-cr-261 (D. Conn. Mar. 30, 2010).

[2] The Court notes that it did not hold an evidentiary hearing on the issue of equitable tolling, even though it had the authority to do so. *See Valverde v. Stinson*, 224 F.3d 129, 135 (2d Cir. 2000). Because the facts relevant to equitable tolling are entirely undisputed, the Court concluded that a hearing was unnecessary and it could decide this question on the record before it. As discussed below, while an evidentiary hearing might have shed some light on the precise timing of events, it would not have changed the outcome of this case.

and, truth be told, would prefer to decide his petition on its merits.  But Congress enacted AEDPA, and its one-year limitations period, to bring finality to federal court proceedings.  *See Johnson v. United States*, 544 U.S. 295, 309 (2005).  As a consequence, the Court cannot skip over the delay in the filing of Mr. Rivera's application and get to the merits of his claims.  Instead, the Court must consider at the outset whether his petition is timely under AEDPA.  After carefully considering Mr. Rivera's arguments for equitable tolling, as well as the Government's arguments in opposition, the Court concludes that Mr. Rivera's petition is time-barred under AEDPA.  Therefore, Mr. Rivera's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [doc. # 1] and his Motion to File Out of Time [doc. # 2] are DENIED.

## I.

The Court assumes the parties' familiarity with the underlying facts and procedural history of this case, and only recites here those facts relevant to the issue of equitable tolling, which are undisputed.  As previously mentioned, a jury found Mr. Rivera guilty on July 11, 2006, and his direct appeals were exhausted when the Supreme Court denied certiorari on February 23, 2009.  Therefore, there is no dispute that Mr. Rivera's deadline to file a petition under § 2255 was February 23, 2010.

Mr. Rivera is currently serving his sentence at the United States Penitentiary (USP) - Tuscon ("USP Tuscon").  He admits that he was made aware of the Supreme Court's denial of certiorari within a week of the Court's decision.  *See* Mot. to File Out of Time [doc. # 2] at 2.  At that point, he claims that he began writing to his attorney "to get his transcripts and other documents that he would need to file a 28 U.S.C. § 2255 Motion," but that his attorney did not answer "for a while." *Id*.  At some point Mr. Rivera was allowed to call his attorney, at which point his attorney sent him the requested documents.  *See id*.  Unfortunately, the mail room at USP Tuscon initially rejected the

documents, and Mr. Rivera was only able to receive them after his attorney contacted the prison and explained their contents and purpose. *See id*. Once Mr. Rivera received the documents, he spent weeks trying to contact his attorney again, at which point he was "informed that he only had a couple of weeks before his § 2255 motion was due." *Id*. He then prepared his initial motion for extension of time, which he filed on the day that his petition was due.

## II.

As previously mentioned, a prisoner wishing to file a petition under § 2255 must do so within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1); *see also Green*, 260 F.3d at 80. For purposes of this deadline, a conviction becomes final when the Supreme Court denies the prisoner's petition for a writ of certiorari. *See id*. at 84. However, the one-year limitation is not jurisdictional, and therefore it may be equitably tolled if justified by "rare and exceptional" circumstances. *See id*. at 82-83.

> To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll. To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. Hence, if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

*Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) (internal quotation marks and citations omitted); *see also Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003). Thus, Mr. Rivera bears the burden of establishing that he is entitled to equitable tolling, and to carry this

burden he "must demonstrate (1) that he pursued his rights diligently and (2) that some extraordinary circumstance prevented him from timely filing his application for federal habeas relief." *Adkins v. Warden*, 585 F. Supp. 2d 286, 295 (D. Conn. 2008) (Kravitz, J.), *aff'd*, 354 Fed. Appx. 564 (2d Cir. 2009).

Mr. Rivera argues that two extraordinary circumstances justify equitable tolling in this case: the delay in getting documents from his attorney and the additional delay attributable to the prison mail system. However, Mr. Rivera has not shown that these circumstances were extraordinary, nor has he shown that he was reasonably diligent notwithstanding such circumstances. Therefore, he is not entitled to equitable tolling and his petition is not timely.

### A.

Whether a circumstance is "extraordinary" for purposes of equitable tolling is determined by inquiring "not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008). The Second Circuit has seldom found circumstances sufficiently extraordinary to warrant equitable tolling. *Adkins*, 585 F. Supp. 2d at 296. The rare exceptions involve a corrections officer's intentional confiscation of a prisoner's petition shortly before the filing deadline, *see Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000); an attorney's egregious failure to file a habeas petition on a prisoner's behalf despite explicit directions from his client to do so, *see Baldayaque*, 338 F.3d at 150-53; and a state appellate court's failure to inform a prisoner that leave to appeal was denied, *see Diaz*, 515 F.3d at 154-55. *See Adkins*, 585 F. Supp. 2d at 296 (discussing these cases).

The circumstances in these cases were both unusual and completely prevented the petitioner

from filing in a timely fashion.  In contrast, the circumstances faced by Mr. Rivera – difficulty in contacting his attorney and delays caused by the prison mail system – were consistent with the ordinary inconveniences experienced by all prisoners.  "[T]he difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, [generally] do not by themselves qualify as extraordinary circumstances." *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005); *see also Adkins*, 585 F. Supp. 2d at 296 (collecting cases); *Thomas v. Unger*, No. 06CV6578 NG, 2007 WL 539039 (E.D.N.Y. Feb. 15, 2007) (collecting cases and holding that "petitioner's arguments for equitable tolling-that he was ignorant of the law and had to rely on other inmates for help, lacked education, had difficulty in obtaining court records and receiving mail at the facility-are not 'extraordinary,' as they apply to most inmates.  The district courts have uniformly found that these reasons do not justify equitable tolling.").  This is not to say that such inconveniences could never amount to extraordinary circumstances, but to do so they would have to impose a significant obstacle preventing petitioner from filing in a timely manner.  *See Diaz*, 515 F.3d at 154.  As discussed below, in the context of reasonable diligence, the delays experience by Mr. Rivera in this case did not prevent him from filing his petition within the one-year deadline.

Nor did Mr. Rivera's difficulty in obtaining documents from his attorney rise to the level of extraordinary circumstances.  It is Mr. Rivera's burden to show extraordinary circumstances, and it is not at all clear from his brief how long it took his attorney to respond to his request for documents.  What *is* clear is that once Mr. Rivera was able to reach his attorney on the phone, his attorney provided him with the requested documents and even intervened with the prison on his behalf to ensure that he received those documents.  This behavior by his attorney can hardly be described as

6

"so outrageous or so incompetent as to render it extraordinary." *Baldayaque*, 338 F.3d at 152.

**B.**

Because the Court concludes that Mr. Rivera did not face extraordinary circumstances that prevented him from filing his petition on time, it need not reach the issue of reasonable diligence. However, for purposes of completeness, the Court will rule on this issue as well.  In determining whether a petitioner has diligently pursued his rights, the standard is one of reasonable diligence, "not extreme diligence or exceptional diligence." *Baldayaque*, 338 F.3d at 153 (quotation marks omitted).  Thus, a district court should ask, "[D]id the petitioner act as diligently as reasonably could have been expected under the circumstances?" *Id*. (emphasis in original).  In determining whether a petitioner had been reasonably diligent, "the Court examines the petitioner's diligence not only during the time he seeks to have equitably tolled but also during the time up to and including the date of filing." *Adkins*, 585 F. Supp. 2d at 300.  However, the Second Circuit has advised district courts that a petitioner "is not ineligible for equitable tolling simply because he waited until late in the limitations period to file his habeas petition." *Valverde*, 224 F.3d at 136.

> Extraordinary circumstances cannot "prevent" a petitioner from filing on time if, prior to the occurrence of those circumstances, the petitioner has been so neglectful in the preparation of his petition that even in the absence of the extraordinary circumstances, a reasonable person in the petitioner's situation would have been unable to file in the time remaining within the limitations period.  A petitioner should not be faulted, however, for failing to file early or to take other extraordinary precautions early in the limitations period against what are, by definition, rare and exceptional circumstances that occur later in that period.

*Id*.; *but see Belot v. Burge*, 490 F.3d 201, 207-08 ("We recognize that in [*Valverde*, 224 F.3d 129], our court said in dictum that the petitioner was not ineligible for equitable tolling 'simply because he waited until late in the limitations period to file his habeas petition.' *Id*. at 136.  We went on to

7

say that '[a] petitioner should not be faulted . . . for failing to file early or to take other extraordinary precautions early in the limitations period against what are, by definition, rare and exceptional circumstances that occur later in that period.' *Id*. We understand this to mean that the petitioner was not ineligible, as a matter of law, for equitable tolling because the petitioner waited until late in the limitations period. It did not mean that a district court may never take such timing into consideration. It was not error for the district court to make a discretionary assessment that Belot ought to have started his preparation earlier and filed an unpolished petition within the allotted time, rather than wait to file until after the deadline had expired.").

For three reasons, Mr. Rivera has not shown that he was diligent in his attempts to file his petition. First, as previously mentioned it is not clear when he first attempted to obtain documents from his attorney, nor when his documents were delayed by the prison mail system, nor how long any of these delays were. Again, it is Mr. Rivera's burden to establish reasonable diligence, and he has not provided the information necessary for the Court to conclude that he was diligent throughout the period that he seeks to have tolled and thereafter.

Second, by his own admission, once he received the documents from his attorney he "had a couple of weeks before his § 2255 motion was due." Mot. to File Out of Time [doc. # 2] at 2. Mr. Rivera could have used this time to file an "an unpolished – but timely – petition," *Belot*, 490 F.3d at 204, and then sought to amend the petition at a later date if necessary. Finally, it appears that Mr. Rivera did not need the documents from his attorney in order to file his petition. Mr. Rivera appears to assert four claims in his petitions: (1) ineffective assistance of counsel; (2) that a life sentence for his crimes violates the Eighth Amendment; (3) a violation of his right to a speedy trial; and (4) a double jeopardy argument. Mr. Rivera had all of the information necessary to raise most – if not all

8

– of these claims even without access to trial transcripts and other materials.  In short, Mr. Rivera has not shown reasonable diligence.

## III.

The only remaining question is whether the Court should have treated Mr. Rivera's initial motion for an extension of time as a § 2255 motion for purposes of timeliness under the AEDPA. As the Second Circuit instructed in *Green*:

> Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, . . . to treat that motion as a substantive motion for relief under section 2255. . . .  Irrespective of when a prisoner files a motion for extension of time, the district court must first determine whether the motion contains allegations supporting a claim for relief under section 2255.  If it does, the district court should construe it as such, and then decide whether the motion is timely.  If it does not, the district court has no jurisdiction under [*United States v. Leon*, 203 F.3d 162 (2d Cir. 2000) (per curiam)] to consider the motion.

260 F.3d at 83.  In this case, because Mr. Rivera's initial motion was filed on the day that his § 2255 petition was due, were the Court to construe that motion as his petition it would be timely.  However, the initial motion did not even hint at the grounds for the petition he ultimately filed.  Because Mr. Rivera "had not articulated any basis in fact or in law for relief under section 2255," the Court simply cannot treat his initial motion for extension of time as a substantive petition under § 2255. Therefore, Mr. Rivera's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [doc. # 1] and his Motion to File Out of Time [doc. # 2] are DENIED.  **The Clerk is directed to close this case.**

The Court will not issue a certificate of appealability (COA) in this case.  For a COA to issue, Mr. Rivera must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Mr. Rivera need not show that he would prevail on the merits, but rather that

"reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Rhagi v. Artuz*, 309 F.3d 103, 106 (2d Cir. 2002). However, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court is confident that Mr. Rivera's claims are time-barred.  While the doctrine of equitable tolling must be decided on a case-by-case basis, and so in many cases reasonable jurists may well reach differing conclusions on the same record, the Court believes that the straightforward and undisputed record in this case precludes the conclusion that Mr. Rivera faces extraordinary circumstances or was reasonably diligent.

If Mr. Rivera wishes to appeal this Court's order, he must file his Notice of Appeal no later than 30 days from the date on which judgment is entered.  *See* Fed. R. App. P. 4(a).  "[E]ven where the District Court has declined to issue a COA, [the Second Circuit] may nonetheless issue a COA if petitioner can make the necessary showing that jurists of reason would find it debatable whether the district court was correct in its . . . ruling." *Rhagi*, 309 F.3d at 106 (quotation marks omitted).


IT IS SO ORDERED.


/s/ _____Mark R. Kravitz_____
United States District Judge

Dated at New Haven, Connecticut: **June 9, 2010**.